AMBRO, Circuit Judge,
dissenting in part.
I join my colleagues in all but Part II.D. Because the District Court did not have the benefit of the Camp Jaycee decision and thus did not conduct the “most significant relationship” analysis, I would vacate and remand for that Court to conduct the choice-of-law analysis in the first instance. Moreover, I do not view the answer to the choice-of-law question presented here to be as easy to discern as my colleagues perceive it.
First, New Jersey has a strong interest in deterring fraudulent conduct occurring within its state borders by domestic businesses. See In re Mercedes-Benz Tele Aid Contract Litig., 257 F.R.D. 46, 67 (D.N.J.2009) (“Given the fact that all of the conduct underlying Plaintiffs’ consumer fraud claim took place in [New Jersey], consideration of the place where the defendant made the representations[ ] strongly supports applying the [New Jersey Consumer Fraud Act] to Plaintiffs’ claims.”) (internal quotation marks and citation omitted). This is an important consideration under the Restatement (Second) of *256 Conflict of Laws (“Restatement”), but one the District Court and the majority do not consider. See Restatement § 148(2)(c) (including as a relevant factor “the place where the defendant made the representations”); id. § 148 cmt. c (“The place where the defendant made his false representations ... is as important a contact in the selection of the law governing actions for fraud and misrepresentation as is the place of the defendant’s conduct in the case of injuries to persons or to tangible things.”). According to Cooper, Samsung conceived of and created the alleged misrepresentations in New Jersey and orchestrated the alleged fraud from New Jersey. That the plaintiff is from Arizona, rather than any other state in which these Samsung televisions were sold, is happenstance from Samsung’s perspective. Cf. P.V. v. Camp Jaycee, 197 N.J. 132, 962 A.2d 453, 466 (2008) (noting that the court has “continuously deferred to the rights of other jurisdictions to regulate conduct within their borders,” particularly “when the conduct is ongoing and directed towards residents and non-residents alike”).
The Restatement also directs courts to put “emphasis upon the purpose sought to be achieved by the relevant tort rules of the potentially interested states, the particular issue and the tort involved.” Restatement § 148 cmt. e; see also id. § 6(2) (including as relevant factors “the relevant policies of the forum” and “other interested states” and the “basic policies underlying the particular field of law”); id. § 6 cmt. h (“[Tjhere is good reason for the court to apply the local law of that state which will best achieve the basic policy, or policies, underlying the particular field of law involved.”). While one purpose of the New Jersey Consumer Fraud Act is to compensate defrauded consumers, it “serves as a deterrent” by awarding successful plaintiffs “treble damages, attorneys’ fees, filing fees, and costs.” Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454, 463 (1994). “That deterrent effect would be compromised” if Samsung could “avail itself of the law of states which limit recovery in consumer fraud actions to compensatory damages simply because its alleged wrongful activity, which took place within New Jersey, had nationwide effects.” In re Mercedes-Benz, 257 F.R.D. at 68. As for the interest in compensating fraud victims, because New Jersey’s law is recognized as one of the strongest in the country,[1] those residing in other states usually will receive no less — and perhaps more — protection than their own states would provide. Accordingly, application of New Jersey’s law often will not frustrate other states’ interests in compensation for their residents. Under the Restatement, “[i]f the purposes sought to be achieved by a local statute or common law rule would be furthered by its application to out-of-state facts, this is a weighty reason why such application should be made.” Restatement § 6 cmt. e.
Legislative intent is also relevant, as the Restatement instructs courts to “give a local statute the range of application intended by the legislature when these intentions can be ascertained and can constitutionally be given effect.” Id. § 6 cmt. b. “If the legislature intended that the statute should be applied to the out-of-state facts involved, the court should so apply it unless constitutional considerations forbid.” Id. Here, the Act permits recovery to “[a]ny person who suffers any ascertain *257 able loss,” N.J.StatAnn. § 56:8-19, and one court has observed that there is “little doubt that the New Jersey Legislature intended its Consumer Fraud statute to apply to sales made by New Jersey sellers even if the buyer is an out-of-state resident and some aspect of the transaction took place outside New Jersey.” Boyes v. Greenwich Boat Works, Inc., 27 F.Supp.2d 543, 547 (D.N.J.1998). This is an important consideration for the choice-of-law determination in this case.
I am troubled that the majority conducts a fact-intensive, six-factor inquiry in two sentences, as there are good arguments on both sides. I would remand for the District Court to conduct the choice-of-law analysis under the “most significant relationship” test, and thus respectfully dissent in part.

. Indeed, New Jersey courts have concluded the state legislature intended the Act to “be one of the strongest consumer protection laws in the nation." Huffmaster v. Robinson, 221 N.J.Super. 315, 534 A.2d 435, 437 (1986) (internal quotation marks and citation omitted).